**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. _____

SUTTON NATIONAL INSURANCE HOLDINGS LLC, a Delaware limited liability company, SUTTON NATIONAL INSURANCE COMPANY, a Wisconsin insurance company, and 777 PARTNERS LLC, a Delaware limited liability company,

      Plaintiffs,

v.

ATLAS GENERAL HOLDINGS, LLC, a Delaware limited liability company, CYPRESS POINT HOLDINGS, LLC, a Nevada limited liability company, and WILLIAM TRZOS, an individual,

      Defendants.

_____ /

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Atlas General Holdings, LLC ("**Atlas General**"), Cypress Point Holdings, LLC ("**Cypress Point**"), and William Trzos ("**Trzos**", together with Atlas General and Cypress Point, "**Defendants**"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of all defenses, file this Notice of Removal to remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. In support of this Notice of Removal, Defendants state as follows:

**I.    BACKGROUND**

1.    On September 25, 2019, Plaintiffs Sutton National Insurance Holdings LLC ("**Sutton Holdings**"), Sutton National Insurance Company ("**Sutton Insurance**"), and 777

Partners LLC ("**777 Partners**", together with Sutton Holdings and Sutton Insurance, "**Plaintiffs**"), filed a two-count civil action against Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2019-27950-CA-01 (the "**State Court Action**").

2. The State Court Action arises out of Defendants' allegedly fraudulent conduct and breaches of fiduciary duties.

## II.  REMOVAL TO THIS COURT IS TIMELY AND PROPER

3. An action is timely removed when it is removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Defendant Atlas General was the first of Defendants to receive Plaintiffs' Complaint when it was served on September 24, 2019, which is within 30 days of this Notice of Removal.

4. In compliance with 28 U.S.C. § 1446(a), this Notice of Removal was filed in the District Court of the United States for the district and division within which the State Court Action is pending. The United States District Court for the Southern District of Florida, Miami Division, is the District Court and division embracing the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the State Court Action is pending. 28 U.S.C. § 1441(a).

5. In compliance with 28 U.S.C. § 1446(a), Defendants attach a copy of all process, pleadings, and orders served upon Defendants and filed in the State Court Action. *See* **Composite Exhibit A**.

6. As required 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County,

Florida, and served on counsel for Plaintiffs.

7. This Court has original jurisdiction over this civil action because it is a "civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

### A. Amount in Controversy

8. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2).

9. The Complaint seeks damages for "opportunity loss . . . currently at $10 million and rising," "lost opportunity costs, time, and profits . . . of approximately $2 million," and "[t]ransactional costs of approximately $3 million associated with the subject transaction." Compl. ¶ 63(a)-(c). Thus, the Complaint seeks nearly $15 million in damages (in addition to non-monetary relief), well in excess of the $75,000 amount-in-controversy requirement.

### B. Diversity of Citizenship

10. Plaintiff Sutton Holdings is "a Delaware limited liability company with a principal place of business in Miami, Florida." Compl. ¶ 10. The citizenship of a limited liability company is determined solely by the citizenship of its members. *See Rolling Greens MHP LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Sutton Holdings' sole member is Brickell Insurance Holdings LLC, a Delaware limited liability company. Brickell Insurance Holdings LLC's sole member is MTCP LLC, a Delaware limited liability company. MTCP LLC's sole member is an individual who is a citizen of Florida. Accordingly, Sutton Holdings is a citizen of Florida for purposes of diversity jurisdiction.

11. Plaintiff Sutton Insurance is "a Wisconsin-domiciled insurance company." Compl.

¶ 11. According to the Florida Department of State, Division of Corporations (www.sunbiz.org), Sutton Insurance is a Wisconsin corporation with a principal address in Dania Beach, Florida. Accordingly, Sutton Insurance is a citizen of Wisconsin and Florida for purposes of diversity jurisdiction.

12. Plaintiff 777 Partners is "a Delaware limited liability company with a principal place of business in Miami, Florida." Compl. ¶ 12. 777 Partners' members are (i) SuttonPark Acquisition LLC, a Delaware limited liability company, (ii) WBJP Partners, LLC, a Florida limited liability company, and (iii) 1221 Capital LLC, a Florida limited liability company. The members of the SuttonPark Acquisition LLC are two individuals who are citizens of Florida. The members of WBJP Partners, LLC are two individuals who are citizens of Florida. The members of 1221 Capital LLC are two individuals who are citizens of Florida. Accordingly, 777 Partners is a citizen of Florida for purposes of diversity jurisdiction.

13. Defendant Cypress Point is a Nevada limited liability company. Cypress Point's sole member is a trust, and the sole beneficiary of the trust is an individual who is a citizen of California. Under Eleventh Circuit law, "the general rule is that it is the citizenship of the trust's beneficiaries, and not the citizenship of its trustee, that matters for diversity purposes." *First Mut. Group, LP v. Melton*, No: 6:14-cv-1758-Orl-41KRS, 2015 U.S. Dist. LEXIS 24785, *7 (M.D. Fla. Jan. 23, 2015) (citing *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339-40 (11th Cir. 2002), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 89 (2006); *see Kozel v. Kozel*, No: 8:16-cv-1384-T-36TGW, 2016 U.S. Dist. LEXIS 102455, *21 (M.D. Fla. Aug. 4, 2016) ("when cases involved trusts as removing defendants, the Eleventh Circuit has held that the trust's citizenship was determined by the citizenship of all of its members"); *see also* 15A Moore's Federal Practice - Civil § 102.57 (2019)

("The Eleventh Circuit looks only to the citizenship of the beneficiaries."). Accordingly, Cypress Point is a citizen of California for purposes of diversity jurisdiction.

14. Defendant Trzos is an individual who is a citizen of California.

15. Defendant Atlas General is a Delaware limited liability company. Atlas General's members are (i) five individuals who are citizens of California, (ii) two individuals who are citizens of New York, (iii) one individual who is a citizen of Minnesota, (iv) Cypress Point, (v) Vanbridge Investors I LLC, a Delaware limited liability company, and (vi) 19th Hole Partners, LLC, a Connecticut limited liability company. As noted above, Cypress Point is a citizen of California. The members of Vanbridge Investors I LLC are (i) one individual who is a citizen of Connecticut, and (ii) one trust whose three beneficiaries are individuals who are citizens of Connecticut, Tennessee, and Texas. The members of 19th Hole Partners, LLC are (i) 13 individuals who are all citizens of Connecticut, and (ii) nine trusts, whose 11 beneficiaries are citizens of Connecticut, Massachusetts, South Carolina, Tennessee, Texas, and Virginia. Accordingly, Atlas General is a citizen of California, Connecticut, Massachusetts, Minnesota, New York, South Carolina, Tennessee, Texas, and Virginia for purposes of diversity jurisdiction.

16. Upon notice by the Court that it requires disclosure of (i) the names of the above-referenced trusts, (ii) the individuals who are members the above-referenced limited liability companies, and/or (iii) the individuals who are beneficiaries of the above-referenced trusts, Defendants will provide same to the Court under seal or for in camera review.

### III.   CONCLUSION

17. For purposes of 28 U.S.C. § 1332, complete diversity of citizenship existed between Plaintiffs (who are citizens of Florida and Wisconsin) and Defendants (who are citizens of California, Connecticut, Massachusetts, Minnesota, New York, South Carolina, Tennessee,

Texas, and Virginia) at the time Plaintiffs commenced the State Court Action and continues to exist as of the filing of this Notice of Removal.

18. By filing this Notice of Removal, Defendants do not waive any rights or defenses to which they are otherwise entitled, and Defendants expressly reserve the right to assert all such defenses at a later time and to file counterclaims against Plaintiffs.

19. This Notice of Removal is accompanied by the required filing fee of $400.00.

20. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties of record, and a copy of this Notice of Removal has been filed contemporaneously with the Clerk of the Court for the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

WHEREFORE, Defendants hereby give notice that the above-described civil action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is discontinued and removed to the United States District Court for the Southern District of Florida, where it shall proceed as an action originally commenced therein.

Dated: October 24, 2019

Respectfully submitted,

/s/ Alvin D. Lodish
Alvin D. Lodish, Esq.
Florida Bar No.: 622273
alodish@duanemorris.com
Richard D. Shane, Esq.
Florida Bar No.: 70611
rdshane@duanemorris.com
DUANE MORRIS LLP
201 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Tel: (305) 960-2200
Fax: (305) 960-2201
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic mail and U.S. Mail on this 24th day of October, 2019, upon all counsel or parties of record on the Service List below.

                                                   */s/ Alvin D. Lodish*
                                                   Alvin D. Lodish, Esq.

## SERVICE LIST

Alan H. Fein, Esq.
afein@stearnsweaver.com
Jason S. Koslowe, Esq.
jkoslowe@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 789-3200
Fax: (305) 789-3395
*Counsel for Plaintiffs*