UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24404-UU

SUTTON NATIONAL INSURANCE
HOLDINGS, LLC, *et al.*,

    Plaintiffs,

v.

ATLAS GENERAL HOLDINGS, LLC, *et al.*,

    Defendants.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Remand. D.E. 3.

THE COURT has considered the motion and the pertinent portions of the record and is otherwise fully advised in the premises.

On October 24, 2019, Defendants removed this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade Country, Florida, on the basis that there was diversity between the parties. On October 27, 2019, Plaintiffs moved to remand this matter for lack of subject matter jurisdiction. D.E. 3.

A defendant may remove an action to a federal court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over any action where the amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C. § 1332. "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Removal statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Federal courts are courts of limited

jurisdiction" and "any uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

In their Motion for Remand, Plaintiffs state that Plaintiff 777 Partners LLC, through its members, is also a citizen of California and Texas.  D.E. 3.  Defendants admit they are all citizens of California, and Defendant Atlas General Holdings, LLC is also a citizen of Texas.  D.E. 1.  Therefore, Plaintiffs contend that complete diversity is lacking.  *Id.*; *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership.").  In response, Defendants agree that this matter should be remanded for lack of subject matter jurisdiction.  D.E. 8.  Because complete diversity is lacking, there is no diversity jurisdiction.  *See MacGinnite v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").  Neither is there federal question jurisdiction.  Therefore, the Court will remand this action back to state court.

In addition, Plaintiffs seek attorneys' fees and costs associated with removal and remand of this matter.  D.E. 3.  The Court will reserve jurisdiction over this matter for purposes of entertaining Plaintiffs' motion for attorney's fees and costs.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion for Remand, D.E. 3, is GRANTED IN PART AND DENIED IN PART, as set forth in this Order.  The Motion is granted as to Plaintiffs' request to remand this action.  The Motion is denied without prejudice as to Plaintiffs' request for attorney's fees and costs.  It is further

ORDERED AND ADJUDGED that this case is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. The Clerk shall take all necessary steps to ensure the prompt remand of this matter and transfer this file back to Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida. It is further

ORDERED AND ADJUDGED that if Plaintiffs choose to pursue attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), Plaintiffs shall file, **no later than Friday, November 8, 2019**, a separate motion for attorney's fees and costs, along with documentation identifying the specific fees and costs associated with the removal and remand of this action. The Court retains jurisdiction over this matter for the purpose of entertaining Plaintiffs' motion for attorney's fees and costs. It is further

ORDERED AND ADJUDGED that the case is CLOSED for administrative purposes. All hearings are CANCELLED; all other motions DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st__ day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf